**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5166**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAJUL RUHBAYAN, a/k/a James Vernette Johnson, a/k/a James
Vernon Wood, a/k/a Jibrael Ruhalamin, a/k/a Jibra'el Ruh-
alamin, a/k/a Amir Ruhbayan, a/k/a Deja, a/k/a Day-Ja, a/k/a
Kreem, a/k/a Creme,

Defendant - Appellant.

_____

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-7811)

_____

Submitted: February 29, 2008      Decided: September 22, 2008

_____

Before KING and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit
Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Joseph Barry McCracken, Norfolk, Virginia, for Appellant.  Chuck
Rosenberg, United States Attorney, James Ashford Metcalfe,
Assistant United States Attorney, Jonathan Tate Mlinarcik, Third-
Year Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2003, Rajul Ruhbayan was convicted by a jury in the Eastern District of Virginia on four offenses arising from a perjury and obstruction of justice scheme. Thereafter, in 2004, the district court sentenced Ruhbayan to life in prison on one offense and to three concurrent sixty-month sentences on the other three offenses. We affirmed his convictions but vacated his sentence, remanding for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). See United States v. Ruhbayan, 406 F.3d 292 (4th Cir. 2005).

On remand, in 2005, the district court reimposed the initial sentence. Ruhbayan appealed, challenging, inter alia, the district court's failure to "take into account factors [under 18 U.S.C. § 3553(a)] which should have mitigated against the harsh sentence imposed," Br. of Appellant 43, including "the need to avoid inappropriate sentencing disparities" resulting from "the 100-to-1 ratio between powder and crack cocaine," id. at 47.[*] Ruhbayan nevertheless acknowledged our then-controlling decision in United States v. Eura, 440 F.3d 625 (4th Cir. 2006) (holding that 100:1

---

[*]The district court found that Ruhbayan committed and suborned perjury in connection with his 2000 trial on a prior federal charge of conspiracy to distribute crack cocaine. Under the Sentencing Guidelines, Ruhbayan's base offense level for perjury and suborning perjury was six levels below the offense level for the underlying drug conspiracy offense (up to a maximum level of 30), with the offense level for the underlying drug conspiracy offense being premised on the amount of crack cocaine attributed to him. See U.S.S.G. §§ 2J1.3, 2X3.1, 2D1.1(c).

2

ratio cannot be the basis of a variance), <u>vacated</u> 128 S. Ct. 853 (2008). We rejected Ruhbayan's appellate contentions and affirmed his sentence. <u>See</u> <u>United States v. Ruhbayan</u>, 527 F.3d 107 (4th Cir. 2007).

Ruhbayan filed a petition for writ of certiorari, and the Supreme Court vacated the judgment and remanded to this court for further consideration in light of <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 564 (2007) (holding that a sentencing judge is free to consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses in determining whether, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing" (quoting 18 U.S.C. § 3553(a))). Upon review of the record, we conclude that resentencing is warranted. Accordingly, we vacate Ruhbayan's sentence and remand to the district court for resentencing in light of <u>Kimbrough</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>