**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4239**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

RAJUL RUHBAYAN, a/k/a Creme, a/k/a James Vernon Wood, a/k/a
James Vernette Johnson, a/k/a Kreem, a/k/a Day-Ja, a/k/a
Deja, a/k/a Amir Ruhbayan, a/k/a Jibra'el Ruh'alamin, a/k/a
Jibrael Ruhalamin,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Rebecca Beach Smith, District
Judge. (2:02-cr-00029-RBS-FBS-1)

———————

Submitted: February 26, 2010      Decided: March 12, 2010

———————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert L. Flax, Richmond, Virginia, for Appellant. Neil H.
MacBride, United States Attorney, James Ashford Metcalfe,
Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rajul Ruhbayan was convicted by a jury in 2002 of conspiracy to commit perjury and obstruction of justice; witness tampering; perjury; suborning perjury; and obstruction of justice in connection with his 2000 trial on federal drug and firearms charges. When he was initially sentenced in 2004, the district court departed upward pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2003), and USSG § 5K2.0, p.s., to impose a sentence of life imprisonment, with three additional concurrent five-year terms. We affirmed the convictions, but found error in the four-level adjustment for a leadership role, USSG § 3B1.1(a), and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005). United States v. Ruhbayan, 406 F.3d 292, 298 (4th Cir. 2005).

On remand, the district court recalculated the advisory guideline range with a two-level role adjustment, USSG § 3B1.1(c), again departed upward from the guideline range, and again imposed a life sentence. We affirmed the sentence. United States v. Ruhbayan, 527 F.3d 107 (4th Cir. 2007).

The Supreme Court subsequently granted certiorari, vacated this court's judgment, and remanded for reconsideration in light of Kimbrough v. United States, 552 U.S. 85 (2007) (holding that district courts may consider the crack-to-powder-cocaine guideline sentencing ratio as a possible basis for

2

variance from the guidelines).  We decided that resentencing was warranted, vacated the sentence, and remanded for resentencing in light of <u>Kimbrough</u>.  <u>United States v. Ruhbayan</u>, 294 F. App'x 23 (4th Cir. 2008).

The day before he was resentenced, Ruhbayan's appointed attorney moved to withdraw and Ruhbayan moved to proceed pro se, stating that his attorney had refused to make certain legal arguments he wanted to present.  Ruhbayan asked for new counsel or, alternatively, to be permitted to represent himself with a new attorney to assist him.  The district court denied both motions, explaining that Ruhbayan's attorney had represented him through seven years of litigation, the narrow legal issue before the court had been fully briefed, no new circumstances warranted counsel's withdrawal, and Ruhbayan would be given an opportunity to make any arguments he wished the court to hear.

The district court observed that, even if Ruhbayan's offense level were decreased by two levels according to the revised guidelines for crack offenses effective in November 2007, his offense level would remain at 30 and his guideline range would not change.  The court heard Ruhbayan's argument that it was without subject matter jurisdiction over his case and other issues and found them to be meritless.  The court also heard Ruhbayan's allocution concerning the appropriate sentence.

The court then stated that, reconsidering the previously-imposed sentence in light of Kimbrough, the court was still of the view that, in this case, the crack/powder disparity did not yield a sentence greater than necessary to achieve the sentencing purposes set out in 18 U.S.C. § 3553(a) (2006). The court reviewed its reasons for previously imposing a life sentence and stated "the sentence previously imposed and reimposed now is a sentence that is sufficient but not greater than necessary to meet these statutory considerations[.]" The court then reimposed a life sentence on the witness tampering count, with concurrent sixty-month sentences for each of the three other counts.

On appeal, Ruhbayan first argues that the court erred in denying his motion for self-representation. A defendant has a Sixth amendment right to represent himself at trial. Faretta v. California, 422 U.S. 806 (1975). A defendant's assertion of his right of self-representation constitutes a waiver of his right to counsel, and must be (1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely. United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000).

In this circuit, after a defendant has been represented at trial with counsel, his request to represent himself is within the discretion of the district court. United

4

States v. Singleton, 107 F.3d 1091, 1096 (4th Cir. 1997). Moreover, a defendant who wishes to proceed pro se does not have a right under Faretta to the assistance of an attorney as stand-by counsel or co-counsel. Id.

Here, Ruhbayan's request to represent himself was neither unequivocal nor timely. He was represented by counsel at trial and during the appeal process. Not until his second resentencing hearing did he ask for new counsel or, alternatively, to represent himself with a new attorney as back-up counsel. In addition, at sentencing, Ruhbayan's attorney stated that his client wanted him to make certain legal arguments which he did not believe were justified. "A trial court must be permitted to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel." Frazier-El, 204 F.3d at 560. The record makes clear that Ruhbayan's request was "a manipulative effort to present certain arguments[.]" Id. Therefore, we conclude that the district court did not abuse its discretion in denying Ruhbayan's motion to represent himself at his second resentencing hearing.

Next, Ruhbayan contends that the district court's reimposition of a life sentence was unreasonable. A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007).

5

Generally, this requires consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory guideline range, we must decide whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the guideline range." Gall, 552 U.S. at 51.

Ruhbayan argues that the district court abused its discretion when it reimposed a life sentence after his culpability had been reduced on appeal; he specifically refers to the leadership role adjustment (reduced from four levels to two levels after his first appeal) and to the application of the 2007 reduced crack guidelines at his second resentencing. Ruhbayan claims that the district court erred in limiting itself to reconsideration of his sentence in light of Kimbrough and by failing to take into account certain mitigating factors and giving too much emphasis to his criminal history.

We conclude that these arguments are without merit. Ruhbayan's case was remanded for the limited purpose of resentencing in light of Kimbrough. Before imposing sentence on

6

remand, the district court described the reason for the remand, summarized the holding in Kimbrough, and acknowledged its discretion to conclude that the crack/powder sentencing disparity resulted in a sentence greater than necessary to achieve the purposes set out in § 3553(a). The court then determined that, in Ruhbayan's case, the crack/powder disparity did not yield a sentence greater than necessary to achieve § 3553(a)'s purposes and a downward variance from the guideline range was not appropriate. We conclude that the district court properly considered whether Kimbrough had any mitigating effect and adequately explained its decision to reimpose a life sentence. We further conclude that the extent of the departure was reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED